UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>D-4 KOREY BRADLEY,<br><br>    Defendant. | Case No. 16-20307<br>Honorable Laurie J. Michelson |

**ORDER DENYING PETITION FOR JUDICIAL RECOMMENDATION ON
RESIDENTIAL REENTRY CENTER PLACEMENT [130]**

Defendant Korey Bradley was charged in a one-count information with conspiracy to possess with intent to distribute and to distribute controlled substances. (R. 105.) He pled guilty pursuant to a Rule 11 plea agreement. (R. 108.) On November 22, 2017, he was sentenced to 48 months imprisonment and three years of supervised release. (R. 125.)

In a filing virtually identical to that of his co-defendant, DeMario McNeal (R. 128), Bradley now petitions the Court "to issue a judicial recommendation that he spend the final 12 months of his sentence in a Residential Reentry Center." (R. 130, PageID.750.) Bradley advises that since his incarceration he has worked diligently toward obtaining his GED. (*Id*.) He wishes to pursue full-time employment upon his release from prison and "is hopeful that the services provided at the [RRC] will help enable him to do that." (*Id*.)

The Bureau of Prisons is responsible for "designat[ing] the place of the prisoner's imprisonment" and "may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable." 18 U.S.C. §3621(b). In deciding such placement, the BOP considers a number of factors, including "any statement by the court that

imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). But "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

The BOP also makes prelease custody determinations. More specifically,

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1); s*ee also* 18 U.S.C. § 3624(c)(6) (directing the BOP to issue regulations ensuring that placement in a community correctional facility is conducted in a manner consistent with § 3621(b)); 28 C.F.R. § 570.22 ("Inmates will be considered for prerelease community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.").

As it did with Mr. McNeal, the Court commends Mr. Bradley on his progress while in prison and his goals upon release. At this point in his sentence, though, the BOP has the most complete and accurate information regarding the relevant statutory factors to make an individual determination regarding Bradley's placement in an RRC. And they might very well make the decision Bradley is seeking. At this time, the Court does not see any benefit in making a recommendation that might influence the BOP when it has less relevant information than the BOP. *See United States v. George*, No. 14-20119, 2018 U.S. Dist. LEXIS 78877, at *7 (E.D.

2

Mich. May 10, 2018); *Carter v. United States*, No. 17-C-1325, 2018 U.S. Dist. LEXIS 87310, at *7 (E.D. Wisc. May 24, 2018).

Thus, Korey Bradley's request for a judicial recommendation regarding RRC placement is DENIED.

Bradley also submitted a letter inquiring about a split sentence and the option for home confinement after serving half of his sentence. (R. 131.) As mentioned above, however, Bradley has already been sentenced and has not shown that any of the narrow exceptions for modifying that sentence apply.

IT IS SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: October 23, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, October 23, 2018, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager