UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-4 KOREY BRADLEY,

    Defendant.

Case No. 16-20307
Honorable Laurie J. Michelson

**ORDER ON REQUEST FOR RELEASE TO HOME CONFINEMENT [133]**

In part because of the ongoing coronavirus pandemic, the Court received a letter from Defendant Korey Bradley seeking his immediate release from prison. (ECF No. 133.) The Court is treating the letter as a motion under the Coronavirus Aid, Relief, and Economic Security (CARES) Act. Following a status conference with counsel for the parties, the Court determined that it did not need a response from the Government. Nor is a hearing warranted. *See* E.D. Mich. LR 7.1(f). As the Court does not have the authority under the CARES Act to immediately release Bradley to home confinement, his request will be denied.

**I.**

From December 2012 through 2016, Bradley was involved in a conspiracy to distribute at least one kilogram of heroin and five kilograms of cocaine on the east side of Detroit. (ECF No. 108, PageID.598–599.) Bradley pled guilty on June 23, 2017, pursuant to a Rule 11 plea agreement, to one count of conspiracy to possess with intent to distribute and distribution of controlled substances. (ECF No. 108.) He was sentenced on November 22, 2017, to 48 months in prison. (ECF No. 125.)

Bradley began serving his sentence on March 1, 2018. (ECF No. 133, PageID.757.) He has been participating in the residential drug abuse program (RDAP) at FCI Milan. (*Id.*) Had he completed the program, he would have been scheduled to be released to a residential reentry center (RRC) on June 4, 2020. (*Id.*) (The Government adds that Bradley would have had to remain at the RRC until March 28, 2021.) But after the coronavirus pandemic hit and inmate movement at Bureau of Prisons (BOP) facilities was restricted, the RDAP program was suspended, and Bradley has been unable to earn his full release credits. (*Id.*) As a result, he was not released to an RRC on June 4, 2020. Bradley believes that without completing the program, or being excused from the program, his prison release date is not until July 2021. (*Id.*) This was confirmed by counsel for the Government during a telephonic status conference call on June 4, 2020 and a follow-up email— and assumes Bradley earns all of his good time credits. Without all the credits, his projected release date would be February 22, 2022.

On June 1, 2020, this Court received a letter from Bradley that he sent on May 7, 2020. (ECF No. 133.) Bradley asks the Court "for immediate release on home confinement" because he is "not a violent offender," he has "not been in any trouble at all while . . . in prison," and he "followed every rule when [he] was out on pre-trial release." (ECF No, 133, PageID.757–758.) Bradley also references the death of his brother, the coronavirus crisis, and the lack of social distancing while being on constant lockdown with cellmates. (*Id.*)

## II.

While the Court understands Bradley's concerns and frustrations with his current situation, they need to be directed to the BOP.

In normal circumstances, under 18 U.S.C. § 3624(c)(2), the BOP has the authority, toward the end of a defendant's sentence, "to place a prisoner in home confinement for the shorter of 10

2

percent of the term of imprisonment of that prisoner or 6 months." But now, under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement." Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020). Under guidance from the Attorney General, "[t]he BOP began reviewing all inmates who have COVID-19 risk factors, starting with inmates incarcerated at prisons that have experienced COVID-19 cases (FCI-Oakdale, FCI-Danbury, *FCI-Elkton*) and similarly-situated facilities to determine which inmates are suitable candidates for home confinement." *United States v. Flenory*, No. 05-80955, 2020 U.S. Dist. LEXIS 78602, at *9 (E.D. Mich. May 5, 2020) (emphasis added).

But "[t]he CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v. Coker*, No. 14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Ky. Apr. 15, 2020); *see also United States v. James*, No. 15-255, 2020 U.S. Dist. LEXIS 69973, at *5 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP—not the courts—who decides whether home detention is appropriate. . . .'" (citations omitted)). Thus, this Court does not have the authority to order Bradley released to home confinement under the CARES Act. *See Coker*, U.S. Dist. LEXIS 66286, at *5; *James*, 2020 U.S. Dist. LEXIS 69973, at *5.

### III.

Bradley would undoubtedly benefit from completing the RDAP program. But even if he does not, his release date, with good time credits, is only about one year away. So hopefully in its efforts to reduce the prison population during the COVID-19 pandemic, the BOP is evaluating or

considering Bradley for early release to home confinement or a residential reentry center under the CARES Act. But, as explained, that is a decision the BOP gets to make in the first instance.

Thus, Bradley's request for immediate release to home confinement is DENIED.

It is further ordered that James Howarth, through the Federal Community Defender's Office, is appointed to determine whether any further action is warranted on Bradley's behalf.[1]

SO ORDERED.

Dated: June 5, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 5, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson

---

[1] The Court did not, for example, treat the request as one for compassionate release under the First Step Act. Bradley's letter does not provide any information that suggests this relief would be warranted.

4